STEPHEN VAN RENSSELAER, Respondent, *v.* ARZA BOUTON, Appellant.

The holding or decision of a judge upon a point wholly immaterial to the issue determined, being but an expression of opinion, presents no ground for appeal.

ACTION commenced in the Supreme Court, in January, 1857, for the recovery of rent, upon covenants for its payment, made by the grantees in two several conveyances of lands in fee, executed, one in the year 1797, and the other in 1799.

The first of the conveyances was mutually executed by and between Stephen Van Rensselaer, now deceased, of the first part, and Solomon Lockwood and Charles Brown, of the second part, and contained a covenant by the grantees to deliver to Van Rensselaer, 22½ bushels of wheat, four fat fowls and perform one day's service with carriage and horses, yearly, with a right of distress and re-entry.

The last conveyance was mutually executed by said Van Rensselaer of the first part, and M. Olmstead, Samuel Bouton and David Bouton of the other part, and contained covenants by the grantees, similar to those in the conveyance first mentioned.

The plaintiff owned the covenants as the devise of Stephen Van Rensselaer. The defendant was the assignee of the grantees in one-half of each lot, and was in possession under said conveyances.

On the trial, at the Albany circuit, in January, 1860, before Justice Gould, without a jury, the facts above stated were found, and the defendant moved for a nonsuit, which was overruled, and he excepted.

The court found as conclusions of law that the rent was apportionable, and that the plaintiff was entitled to recover against the defendant the proper proportions of rent and interest, and was entitled to judgment therefor. To this, defendant excepted.

The case states, that, upon the request of the defendant's counsel that the court would decide whether the rents were rent charge or rent service, the judge stated, that, though it was unnecessary and immaterial to the decision of the action, yet it was necessary, in order to sustain the action, that the rents reserved on the leases or grants in question should be considered rent service; he would so hold and decide, inasmuch as the Court of Appeals had decided that such actions could be sustained on such indentures for rent. To which defendant excepted.

Judgment was entered upon the decision, in favor of the plaintiff, for $407.97, and it having been affirmed on appeal to the General Term, the defendant appeals here.

*Colvin & Bingham*, for the appellant.

*Paul F. Cooper*, for the respondent.

Smith, J.    The cases of *Van Rensselaer* v. *Hayes* (19 N. Y. 68), *Van Rensselaer* v. *Read* (26 id. 558), and *Main* v. *Davis and Davis*, decided at the last term of this court and not reported, are in point to sustain the judgment in this case. They were actions on similar covenants, brought by the same plaintiff, claiming as devisee under the will of his father, against the assignees of the original covenantors. All the material questions raised by the exceptions in this case were then deliberately considered and decided.

It appears in the present case that one of the points made in support of the motion for a nonsuit, was that the conveyances proved were deeds of assignment and not of lease, and left no reversion in the grantor; and as the motion was overruled, it is now argued that the judge decided against the point, and that in doing so he erred. That position is not tenable. The only decision excepted to is that overruling the motion for a nonsuit, and in that the judge was right, notwithstanding the point above taken.

The opinion expressed by the judge as to the nature of the rents reserved, after he had decided that the plaintiff was entitled to recover, was wholly immaterial, and would have been so if made during the trial, as the cause was rightly decided on other grounds.

The judgment should be affirmed.

All the judges concurring,

Judgment affirmed.